# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSE E. ORTIZ,

    **Petitioner,**

v.

    **CASE NO. 2:08-CV-94**
    **JUDGE GRAHAM**
    **MAGISTRATE JUDGE KING**

JEFFREY WOLFE, Warden,

    **Respondent.**

## OPINION AND ORDER

On March 20, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed as unexhausted unless petitioner notified the Court that he wished to delete his unexhausted claims from the petition, and proceed solely on his exhausted off-the-record claims. Doc. No. 17. No objections were filed, and on April 14, 2009, final judgment was entered dismissing the instant habeas corpus petition. Doc. Nos. 19, 20. However, petitioner did not receive notice of the Magistrate Judge's *Report and Recommendation*. His notice of the Magistrate Judge's recommendations was returned with no forwarding address given. *See* Doc. No. 18. Petitioner now has filed a request to file belated objections and request for a certificate of appealability. Doc. No. 21.

For the reasons that follow, petitioner's request to file belated objections to the *Report and Recommendation* is **GRANTED**. Final judgment dismissing this action without consideration of petitioner's objections, Doc. Nos. 19, 20, is **VACATED**.

The Court has considered petitioner's objections but concludes that the objections are without merit.

The Magistrate Judge concluded that claims presented in the petition and which would have appeared on the trial court record were unexhausted because plaintiff's could still present those claims in a motion for delayed direct appeal pursuant to Ohio Appellate Rule 5(A). The Magistrate Judge therefore recommended dismissal of the mixed petition unless petitioner chose to delete his unexhausted claims from the petition. In his objections, petitioner contends that it would be futile to attempt to exhaust these claims because the state courts refused to consider the merits of these claims when petitioner raised them in state post conviction and habeas corpus proceedings. Petitioner also contends that this Court should consider the merits of all of his claims or, alternatively, stay proceedings pending his exhaustion of state remedies. Petitioner's arguments are not well taken.

The state courts refused to consider petitioner's on-the-record claims because he attempted to raise those claims in collateral proceedings rather than on direct appeal, where such claims are properly considered. Because the procedures governing a delayed direct appeal remain available to petitioner, petitioner must exhaust state remedies prior to obtaining federal habeas corpus relief. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Moreover, for the reasons stated in the *Report and Recommendation,* this Court agrees that a stay of proceedings is not appropriate under the standard established in *Rhines v. Weber*, 544 U.S. 269, 274 (2005). Therefore, pursuant to 28 U.S.C. §636(b), upon a *de novo* review of the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.**

Petitioner has also requested a certificate of appealability. Where the Court dismisses

a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.*, at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.* Petitioner has failed to establish that reasonable jurists would debate whether this Court was correct in its procedural ruling. Therefore, petitioner's request for a certificate of appealability is **DENIED.**

To summarize, petitioner's request to file belated objections to the *Report and Recommendation* is **GRANTED**. Final judgment dismissing this action without consideration of petitioner's objections, Doc. Nos. 19, 20, is **VACATED**. Petitioner's objections, however, are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**. The Clerk shall enter **FINAL JUDGMENT.** Moreover, petitioner's request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

Date: May 11, 2009